UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLANET BINGO, LLC, and )
MELANGE COMPUTER SERVICES, INC., )
    Plaintiffs, )
 ) No. 1:11-cv-00464
-v- )
 ) HONORABLE PAUL L. MALONEY
VKGS, LLC, )
d/b/a VIDEO KING, )
    Defendant. )
_____)

### ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION

On May 5, 2011, Plaintiffs Planet Bingo, LLC ("Planet Bingo") and Melange Computer Services ("Melange") (a subsidiary of Planet Bingo) filed a complaint in this court against Defendant VKGS, LLC ("VKGS"). (ECF No. 1.) Plaintiffs' complaint alleged that VKGS improperly used their confidential information to design bingo software that competes with Melange's EPIC software. Plaintiffs bring three counts against VKGS—breach of contract, unfair competition, and unjust enrichment—and claims diversity under 28 U.S.C. § 1332 as the basis for subject-matter jurisdiction.

At an early hearing regarding Plaintiff's discovery requests, it came out that one of VKGS's members may be a citizen of California. For purposes of diversity jurisdiction, an LLC "has the citizenship of each of its members." *Delay v. Rosenthal Collins Group, Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009). According to the Complaint, Planet Bingo also has at least one member who is a citizen of California. Because the federal diversity statute requires that diversity actions be founded on complete diversity of citizenship—that is, that no defendant be a citizen of the same state as any plaintiff—these allegations suggested that the court lacked subject-matter jurisdiction over the complaint. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Magistrate Judge Scoville

therefore issued an order to show cause why the case should not be dismissed, staying discovery in the meantime. (ECF No. 27.) Defendant's responses raised further questions, and Magistrate Judge Scoville ordered limited jurisdictional discovery to help resolve this threshold issue. (ECF No. 31.)

Per the court's order, Plaintiffs have filed a status report detailing the jurisdictional facts now known. (ECF No. 34.) This status report states that one member of VKGS is a company named Western Bingo Supplies, Inc. ("Western Bingo") that is incorporated in California. Under the plain language of the diversity statute, this fact makes Western Bingo a citizen of California. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). Plaintiffs also note, however, that Western Bingo is currently in "suspended" status under California law due to its failure to pay corporate franchise taxes. This fact does not change Western Bingo's citizenship. Under California law, a suspended corporation "does not cease to exist as a California corporation." *De Rojas v. Smart Transp.*, 2005 WL 3369984, * (N.D. Cal. Dec. 12, 2005) (finding that suspended California corporation was still a citizen of California) (citing Cal. Corp. Code 2205). The diversity statute looks only to a corporation's place of incorporation, rather than its current status in that state.

Finally, Plaintiffs note that Western Bingo is a holding company owned entirely by Contrarian Funds, LLC ("Contrarian"). This fact also does not change Western Bingo's citizenship. The Sixth Circuit has stated that "in any case where federal court jurisdiction depends on the relationship between a corporate parent and its corporate subsidiary," the controlling principle is that "[w]hen formal separation is maintained between a corporate parent and its corporate subsidiary, federal court jurisdiction over the subsidiary is determined by that corporation's citizenship, not the citizenship of the parent." *Schwartz v. Electronic Data Systems, Inc.*, 913 F.2d 279, 283 (6th Cir.

1990).  Plaintiffs do not argue, and the evidence here does not suggest, that Contrarian and Western Bingo failed to maintain formal separation such that the court should ignore Western Bingo's incorporation in the state.

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."  *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).  Because the facts now before the court show that there is not complete diversity of parties, the court finds that it lacks subject-matter jurisdiction over this dispute.

Accordingly, it is **ORDERED** that Plaintiffs' Complaint (ECF No. 1) is hereby **DISMISSED** for lack of jurisdiction.


Date:  December 21, 2011              /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge